*365 OPINION.
Trussell:
Petitioner’s contention is not entirely clear, but as we gather it the insistence is that the sums deducted were not in fact as depletion but that the disposals of certain of the second growth timber were capital transactions and not until the return equals the *366 capital cost can it be considered income; that amounts received from such a source now must await the ultimate disposal of the property to determine to what extent they represent taxable gains.
Such a theory can not be sustained. Section 234 (a) (9) of the .Revenue Acts of 1918 and 1921 provide for a reasonable allowance for depletion of timber. Through such deductions the taxpayer may recover the capital cost represented by the timber disposed of and determine the extent to which the return from such disposition represents taxable gain.
Petitioner correctly included in its gross income the amounts received from these sales of timber and the question is to what extent its deductions for depletion are sustained. These deductions are disallowed in full, the burden of proof is upon petitioner and the record contains no proof upon which we could find any allowance for depletion, it being silent as to the total amount of timber, the proportion of the cost represented thereby or the amount cut. On the other hand, it is indicated that none of the cost is represented by this timber, the property being entirely cut over and timber of any value exhausted at the time acquired by petitioner and that the cutting of this second growth timber, instead of tending to exhaust the value of the property, increased its value for the one purpose for which it was held, this being its ultimate sale as farming property.

Judgment will be entered for the respondent.